1
2
3
4
5
6                              UNITED STATES DISTRICT COURT
7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA
8                                        OAKLAND DIVISION
9

| 10 | CHARLIE RICE, | Case No: C 09-02650 SBA |
|---|---|---|
| 11 | Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S THIRD, FOURTH, SIXTH AND TENTH CAUSES OF ACTION** |
| 12 | vs. | |
| 13 | RALPHS FOODS aka RALPHS GROCERY COMPANY aka CALA FOODS, CALA BELL MARKETS, HARVEY WOMANESE, an individual, | |
| 14 | | Docket 26 |
| 15 | Defendants. | |
| 16 | | |

17

18      Plaintiff Charlie Rice brings the instant employment discrimination action against

19 his former employer, Ralphs Grocery Company ("Ralphs"), and his former supervisor,

20 Harvey Woodmansee ("Woodmansee"), pursuant to Title VII of the Civil Rights Act of

21 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and California's Fair Housing and

22 Employment Act ("FEHA"), Cal. Gov. Code § 12940.  The parties are presently before the

23 Court on Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Third, Fourth,

24 Sixth and Tenth Causes of Action, pursuant to Federal Rule of Civil Procedure 12(c).

25 Having read and considered the papers submitted in connection with this matter, and being

26 fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The

27 Court, in its discretion, finds this matter suitable for resolution without oral argument.

28 See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL OVERVIEW

Plaintiff, a "'straight, African American male,'" began working at Ralphs grocery store in the Castro District of San Francisco as a journeyman clerk on or about March 1, 2000. Compl. ¶ 5. Plaintiff was hired and supervised by Woodmansee, "'a Caucasian, homosexual (gay) male.'" Id. ¶¶ 7, 12.[1] In 2000 and early 2001, Woodmansee allegedly began harassing Plaintiff by making various suggestive remarks to him. Id. ¶¶ 17-20, 25-31. In the Fall of 2001, when it became apparent that Plaintiff was not interested in his advances, Woodmansee deployed Plaintiff to other stores "as punishment." Id. ¶ 32.

On August 23, 2003, Plaintiff was "written up" for a disciplinary violation. Id. ¶ 39. After the write-up, Plaintiff requested a transfer to another store. Id. ¶ 40. Woodmansee allegedly responded by firing Plaintiff. Id. Plaintiff filed a grievance and was reinstated and transferred to other store locations. Id. ¶ 41.[2] After the transfer, Woodmansee visited Plaintiff at work and allegedly taunted him by winking at him and looking at him "like a piece of fruit." Id. ¶¶ 42-48. Plaintiff alleges that "RALPHS knew that WOMANSE [sic] was a homosexual and that he was sexually harassing [him]." Id. ¶ 49.

On December 4, 2003, Plaintiff's grievance against Ralphs was arbitrated, which resulted in Plaintiff signing a settlement agreement and release. Pl.'s Opp'n at 2, Dkt. 29. Under terms of the settlement, Plaintiff released and waived any claims against Ralphs for conduct occurring prior to December 4, 2003. Pl.'s Request for Judicial Notice ("RJN") Ex. A, Dkt. 29. By letter dated March 18, 2004, Ralphs confirmed receipt of Plaintiff's signed settlement agreement. Id. The confirmation letter noted that while Plaintiff had

---

[1] The Complaint erroneously identifies Woodmansee both as "Womanese" and "Womanse." The Court previously instructed Plaintiff to correct this error in his future filings. Dkt. 17 at 1 n.1. Apparently ignoring this Court's instructions, Plaintiff continues to refer to this Defendant incorrectly as "Womanese." Pl.'s Opp'n at 7, Dkt. 28. Plaintiff is warned that further violations of any order of this Court may result in the imposition of sanctions, up to and including dismissal of the action under Federal Rule of Civil Procedure 41(b). See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

[2] Plaintiff also avers that "[he] filed a Complaint with the EEOC in 2003," but he does not allege any facts regarding the nature or the outcome of the complaint. Compl. ¶ 9.

released Ralphs of liability for events occurring prior to December 4, 2003, he nonetheless should "immediately" report any "future concerns about actual or perceived harassment, discrimination or retaliation in the workplace …." Id.  Several years later in February 2007, Plaintiff "resigned because he was placed in a hostile workplace environment." Id. ¶ 52.

On September 15, 2008, Plaintiff filed simultaneous administrative complaints with the California Department of Fair Housing and Employment ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 10.  The DFEH issued a right to sue letter on September 15, 2008, and EEOC issued a right-to-sue letter on June 4, 2009. Id. ¶ 11.  Presumably because Plaintiff filed his administrative charges more than a year after his separation,[3] the Complaint alleges that "[t]he Statute of Limitations was tolled because of [sic] stipulated Judgment in "*EEOC v. Ralphs Grocery Co., (2008) Case No. 07C5110.*" Id. ¶ 10.

The stipulated judgment (which is styled as a Consent Decree) referenced in the Complaint arose from an action brought by the EEOC in the Northern District of Illinois on behalf of a Ralphs employee, who accused the company of retaliating against her for filing a complaint of discrimination with the Illinois Department of Human Rights and the EEOC. See Dkt. 17 at 3-4.  The retaliatory conduct was based on Ralphs having sent the employee a threatening letter claiming that her discrimination complaints violated the company's mandatory arbitration policy. Id.  On May 20, 2008, the EEOC and Ralphs reached a settlement, which was memorialized in a Consent Decree. Id.  As part of that settlement, Ralphs agreed that it would notify any employees who, in 2004 and 2005, made an internal complaint of discrimination under Title VII or the Americans with Disabilities Act of their right to file a charge with the EEOC. Id.

---

[3] Title VII Plaintiffs are required to submit a charge of discrimination with the EEOC within 180 days of the alleged unlawful incident, or within 300 days of the alleged incident, if the charge was initially filed with a State or local agency. 42 U.S.C. § 2000e-5(e)(1). FEHA places a one-year limit from the time of the alleged unlawful practice to file a DFEH charge. Cal. Gov.Code § 12960(d).

**B.**   **PROCEDURAL HISTORY**

**1.**   **Summary of the Complaint**

On June 15, 2009, Plaintiff filed a Complaint in this Court against Ralphs and Woodmansee in which he alleges eleven claims, as follows: (1) harassment and discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) sexual harassment in violation of FEHA; (4) retaliation in violation of FEHA; (5) wrongful termination in violation of public policy in violation of FEHA; (6) failure to prevent harassment and discrimination in violation of FEHA; (7) battery; (8) sexual battery; (9) false light; (10) intentional infliction of emotional distress ("IIED"); and (11) violation of California Business and Professions Code § 17200, et seq. Plaintiff seeks compensatory and punitive damages, and injunctive relief.[4]

**2.**   **Prior Ruling on Motion to Dismiss**

On July 27, 2009, Defendants filed a motion to dismiss with respect to Plaintiff's supplemental state law claims for wrongful termination, battery, sexual battery and false light on statute of limitations grounds. Dkt. 13. In response, Plaintiff argued that the statute of limitations was tolled because Ralphs: (1) previously agreed to waive the statute of limitations under the terms of the Illinois Consent Decree; and (2) allegedly interfered with his ability to timely file this lawsuit. Dkt. 14 at 1-2. The Court rejected Plaintiff's arguments, and on November 4, 2009, issued an Order granting Defendants' motion to dismiss. Dkt. 17. The Court, however, granted Plaintiff leave to amend in order to allege facts to support application of equitable estoppel as to Ralphs, but dismissed the claims as to Woodmansee with prejudice on the ground that Plaintiff had not claimed that Woodmansee personally prevented Plaintiff from timely pursuing his claims. Id. Despite having been granted leave to amend, Plaintiff chose not to do so, and never filed an amended complaint. As such, Defendants filed their Answer on November 20, 2009. Dkt. 19.

---

[4] On July 20, 2010, the parties stipulated to the dismissal of the first, second, fourth and sixth causes of action as to Woodmansee only. Dkt. 23, 24.

### 3. Motion Before the Court

Defendants now move for judgment on the pleadings as to Plaintiff's FEHA causes of action (i.e., third cause of action for sexual harassment, fourth cause of action for retaliation and sixth cause of action for failure to prevent discrimination and harassment) and his tenth cause of action for IIED.[5] Dkt. 26. Defendants seek dismissal of Plaintiff's FEHA claims based on his failure to exhaust administrative remedies by submitting a timely complaint to the DFEH. They also argue that Plaintiff's claim for IIED is barred by the applicable two-year statute of limitations. The motion has been fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion may thus be predicated on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law." Compton Unified School Dist. v. Addison, 598 F.3d 1181, 1185 (9th Cir. 2010).

Although a court generally is confined to the pleadings on a Rule 12(c) motion, "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—

---

[5] Based on the Court's prior orders, only the third and tenth causes of action are at issue with respect to Woodmansee.

without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).[6]

## III. DISCUSSION

### B. EXHAUSTION OF FEHA CLAIMS

#### 1. Timeliness

"The timely filing of an administrative complaint is a prerequisite to the bringing of a civil action for damages under FEHA." Romano v. Rockwell Int'l Inc., 14 Cal. 4th 479, 492 (1996). A plaintiff must file a complaint with the California Department of Fair Employment and Housing ("DFEH") within "one year from the date upon which the alleged unlawful practice … occurred…." Cal. Gov't Code § 12960(d). "To exhaust his or her administrative remedies as to a particular act made unlawful by [FEHA], the claimant must specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts." Martin v. Lockheed Missiles & Space Co., 29 Cal.App.4th 1718, 1724 (1994). The DFEH must issue a right-to-sue letter upon completion of its investigation of the complaint and not later than one year after the initial filing of the complaint. Cal. Gov. Code § 12965(b). The failure to exhaust administrative

---

[6] Plaintiff complains that Defendants' request for the Court to take judicial notice of the 2008 Illinois Consent Decree is improper on the ground that such document was not attached to the Complaint. Pl.'s Opp'n at 5. This contention is meritless. As set forth above, the Court may consider documents that are referenced in the Complaint. The Consent Decree is expressly referenced in the Complaint as the basis for Plaintiff's tolling claim. Compl. ¶ 10. Given such reference, and since Plaintiff has not challenged the authenticity of the copy of the Consent Decree proffered by Defendant, judicial notice of such document is proper. In any event, the Court's ruling on the instant motion is not dependent upon the contents of the Consent Decree. At most, the Consent Decree is cited for context and background.

remedies is a jurisdictional defect upon which dismissal of a plaintiff's complaint may properly be predicated. Okoli v. Lockheed Technical Operations Co., 36 Cal.App.4th 1607, 1613 (1995).

Here, Plaintiff alleges that he was constructively terminated in February 2007. Compl. ¶ 57. Under FEHA, Plaintiff had one year to submit an administrative complaint to the DFEH. See Cal. Gov. Code § 12960(d). However, Plaintiff did not submit a charge to the DFEH until September 11, 2008, after the one year limitations period had expired. Compl. ¶ 10. As such, any conduct occurring more than one year prior to September 11, 2008, including any action forming the basis of his claim of constructive discharge, is time-barred. See Thompson v. City Of Monrovia, 186 Cal.App.4th 860, 879-80 (2010) (holding that plaintiff's failure to file a DFEH complaint for more than one year after alleged racial incidents precluded FEHA claims).

Notably, Plaintiff does not dispute that his 2008 DFEH complaint is untimely, but argues that he timely exhausted his claims by submitting a complaint to the EEOC in 2003. Pl.s Opp'n at 6.[7] This argument lacks merit. As an initial matter, the Complaint alleges only that "[Plaintiff] filed a Complaint with the EEOC in 2003." Compl. ¶ 9. The Complaint does not allege that Plaintiff exhausted any of his FEHA claims through that particular charge. Nor do the pleadings allege any facts demonstrating that such complaint encompassed any of the conduct that forms the basis of this action. See Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001) ("Allegations in the civil complaint that fall outside the scope of the administrative charge are barred for failure to exhaust."); Soldinger v. Northwest Airlines, Inc., 51 Cal.App.4th 345, 381-382 (1996) (incidents not described in a DFEH complaint can be included in a subsequently filed lawsuit if the allegations in the subsequent civil action are "like or reasonably related to" those specified in the DFEH charge). Moreover, Plaintiff fails to allege any facts demonstrating how his

---

[7] Though Plaintiff neglects to cite any legal authority to support his argument, the Court notes that the EEOC and DFEH have a worksharing agreement such that, generally speaking, the filing of a complaint with the DFEH is deemed filed with the EEOC, and vice-versa. See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008).

EEOC charge filed in 2003 could have served to exhaust Plaintiff's claim that he was constructively discharged four years later in 2007.  Thus, the Court is unpersuaded that Plaintiff exhausted his administrative remedies by submitting an unspecified charge to the EEOC in 2003.

### 2. Equitable Tolling/Equitable Estoppel

Plaintiff next argues that the applicable limitations period should be tolled on the ground that Ralphs misled him into believing that he had previously waived his claims. "[T]here are two doctrines which may apply to extend the limitations period or preclude a defendant from asserting the defense—equitable tolling and equitable estoppel." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff:  If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'"  Id. (quoting Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002)).  "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'"  Id.

Plaintiff contends that Defendants "interfered" with his ability to timely file an administrative complaint with the DFEH.  As such, Plaintiff's argument is in actuality one based on the doctrine of equitable estoppel, as opposed to equitable tolling.  The Ninth Circuit has articulated the test for application of equitable estoppel as follows:

> A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.

Santa Maria v. Pacific Bell, 202 F.3d 1170, 1175 (9th Cir. 2000).  A plaintiff seeking to invoke equitable estoppel as a basis of extending the statute of limitations must allege such

- 8 -

facts with particularity in the pleadings.  See Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006); c.f., Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993) (equitable tolling is considered when "the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the potential applicability of the equitable tolling doctrine.").

In his opposition, Plaintiff contends that his delay in filing a DFEH complaint is attributable to "defendants' advice to [him] that he waived all of his rights as to all conceivable causes of action," which allegedly caused him to believe he had no actionable claim "until he received [a copy of the consent] decree in the case of EEOC v. Ralphs in June 2008."  Pl.'s Opp'n at 7-8; Compl. ¶ 10.  The "advice" alluded to by Plaintiff is a letter, dated March 18, 2004, to Plaintiff from Bonnie Franco, Manager of Employee Relations at Ralphs.  Pl.'s RJN, Ex. A, Dkt. 29.  The letter states, in pertinent part, as follows:

> This letter will confirm receipt of your completed Notice of Complaint/Dispute form dated January 29, 2004.  <u>The issues you identified occurred prior to December 4, 2003, the date your Settlement & Release was executed</u>.  In accordance with item 7 of this Settlement & Release (copy attached), you agreed to waive and release the Company from "any and all claims, damage, and/or causes of action whatsoever, of whatever kind or nature to the date hereof [December 3, 2003], whether known or unknown, suspected or unsuspected by the undersigned, for whatever reason against the Employer, arising out of [your] employment by the Employer."  As a result, we are now considering the matter closed."
>
> <u>If you should have any future concerns about actual or perceived harassment, discrimination, or retaliation in the workplace, please immediately report them to one of the contacts</u> outlined in the <u>Policy Against Unlawful Harassment & Discrimination</u>.

Id. (brackets in original, emphasis added).

Plaintiff's estoppel argument is unavailing.  As an initial matter, Plaintiff's contention that the statute of limitations should be tolled based on the alleged "advice" set forth in Ralphs March 18, 2004 letter is the same argument the Court previously considered and rejected in its November 2, 2009 ruling on Defendants' earlier motion to dismiss.  Dkt. 17 at 8.  Specifically, the Court pointed out that to avoid the statute of limitations bar, <u>the</u>

pleadings must aver facts demonstrating that there are grounds for equitable tolling or estoppel. Id. at 7. Since no such facts appeared in the Complaint, the Court granted Plaintiff "leave to amend to allege facts to support application of equitable estoppel as to Defendant Ralphs." Id. at 7-8. Not only did Plaintiff fail to amend his pleadings, he has ignored the Court's prior ruling and once again attempted to predicate his equitable estoppel argument on facts presented solely in his opposition brief. "Failure to plead these facts waives this tolling defense." Grimmett v. Brown, 75 F.3d 506, 514 (9th Cir. 1996) (emphasis added).

      Waiver aside, Plaintiff's equitable estoppel argument fails on the merits. Despite Plaintiff's suggestions to the contrary, nothing in the March 18, 2004, can reasonably be construed as misleading in terms of what legal claims he was waiving. The letter plainly states that the release only encompassed claims based on conduct occurring "prior to December 4, 2003," the date the settlement agreement was executed. The letter does not state that Plaintiff could not file a DFEH or EEOC complaint or a lawsuit for conduct occurring after that date nor did it dissuade him from doing to. To the contrary, the letter expressly states that Plaintiff should "immediately" report any "future" concerns regarding actual or perceived discrimination, harassment or retaliation. Pl.'s RJN Ex. A (emphasis added). Since there is nothing misleading about Ralphs' letter, Plaintiff cannot legitimately claim that he reasonably relied on any of its contents as the reason he failed to timely file an administrative charge with the DFEH. Nor are any facts alleged to suggest that Defendants acted with an improper purpose or with actual or constructive knowledge of their alleged deceit. See Santa Maria, 202 F.3d at 1175.

      Finally, in passing, Plaintiff posits that he would "lose his job if he petitioned the court." Pl.'s Opp'n at 7; see also Compl. ¶ 8 ("Defendants threatened him and his job"). No facts are alleged to support this conclusory assertion. Nevertheless, even if this allegation were true, Plaintiff's DFEH complaint is still untimely. Any fear by Plaintiff of losing his job would have dissipated once Plaintiff separated from Ralphs in February 2007. Yet, Plaintiff waited for more than a year after his separation to file his EEOC charge. As

1 such, even taking into account Plaintiff's purported fears of job security, his DFEH
2 complaint is untimely. The Court therefore finds that Plaintiff's FEHA claims must be
3 dismissed for failure to exhaust.

4     **B.**     **IIED**

5     Finally, Defendants contend that Plaintiff's tenth cause of action for IIED is barred
6 by the applicable two year statute of limitations. Cal. Code Civ. P. § 335.1. The Court
7 agrees. Since Plaintiff did not file suit until June 15, 2009, which is more than two years
8 after his separation, his claim for IIED is time-barred. Plaintiff concedes that he filed his
9 claim outside the limitations period, but argues that the statute of limitations should tolled
10 based on Ralphs' allegedly "misleading" letter of March 18, 2004. Pl.'s Opp'n at 2. As set
11 forth above, there was nothing misleading about that letter nor has Plaintiff otherwise
12 demonstrated any legally cognizable excuse for his failure to bring his claim within the
13 limitations period. Accordingly, the Court dismisses Plaintiff's tenth cause of action with
14 prejudice.

15 **IV. CONCLUSION**

16     For the reasons stated above,

17     IT IS HEREBY ORDERED THAT:

18     1.     Defendants' Motion for Judgment on the Pleadings is GRANTED, and
19 Plaintiff's Third, Fourth, Sixth, and Tenth Causes of Action are DISMISSED.

20     2.     The parties shall appear for a telephonic Case Management Conference on
21 <u>February 16, 2011 at 3:45 p.m.</u> The parties shall <u>meet and confer</u> prior to the conference
22 and shall prepare a joint Case Management Conference Statement which shall be filed no
23 later than ten (10) days prior to the Case Management Conference. The statement shall
24 comply with the Standing Order for All Judges of the Northern District of California and
25 the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as
26 well as for arranging the conference call. All parties shall be on the line and shall call (510)
27 637-3559 at the above indicated date and time.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   3.   This Order terminates Docket 26.

   IT IS SO ORDERED.

Dated:  December 2, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge